## BARNEY McGUIRE v. STATE.

No. A-7837.  Opinion Filed May 23, 1931.
(299 Pac. 507.)

W. H. Parker, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  Plaintiff in error, Barney McGuire, was convicted in the county court of Atoka county of selling a pint of whisky to one J. J. Province, and his punishment fixed by the court at a fine of $50 and imprisonment in the county jail for a period of 30 days.

J. J. Province, testifying for the state, swore positively that he bought a pint of whisky from the defendant in his rooming house in the town of Stringtown, about January 1, 1930.

Defendant, testifying for himself, denied selling this whisky. The trial court, without objection on the part of counsel for defendant, after the state had proved that the defendant's place of business was a place of public re-

sort, permitted the county attorney to show the general reputation of such place as a place where intoxicating liquor was sold. The admission of this evidence was error, since this prosecution was for a sale of liquor instead of unlawful possession thereof.

Section 2822, C. O. S. 1921, provides:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

Under the section above cited and the numerous decisions of this court, this judgment should not be reversed for the admission of such incompetent evidence, where no objection was made to the introduction of the same.

Defendant's counsel in his brief admits that the record does not show he made any objection or saved any exception to the introduction of this evidence.

The conflict in the evidence was for the jury.

The errors complained of not being fundamental, the cause is affirmed.

EDWARDS, J., concurs. DAVENPORT, P. J., absent.